UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICROSOFT CORPORATION,
a Washington corporation,

    Plaintiff,

v.

MICHAEL LEONARD, an individual d/b/a
Real Deal Co, LLC, Real Deal
Enterprises, Real Deal Enterprises
International Trading Co. LLC; NATHAN
BRASWELL, an individual d/b/a Real Deal
Co., LLC, Real Deal Enterprises, Real
Deal Enterprises International Trading
Co. LLC; REAL DEAL CO, LLC d/b/a Real
Deal Enterprises, Real Deal Enterprises
International Trading Co. LLC; and REAL
DEAL ENTERPRISES INTERNATIONAL
TRADING CO. LLC d/b/a Real Deal
Enterprises, Real Deal Co, LLC,

    Defendants.
_____/

Case No. 07-14361

Hon. John Feikens


FILED
OCT 1 5 2007
CLERK'S OFFICE
DETROIT

**ORDER GRANTING MICROSOFT'S *EX PARTE* MOTION FOR:
(1) TEMPORARY RESTRAINING ORDER FREEZING DEFENDANT'S
ON-LINE AND RELATED ACCOUNTS, AND (2) ORDER TO SHOW CAUSE**

At a session of said Court, held in the United States District
Court, Eastern District of Michigan on:
OCT 1 5 2007

PRESENT: HON.   **JOHN FEIKENS**
                 U.S. DISTRICT COURT JUDGE

THIS MATTER comes before the Court upon plaintiff Microsoft's ("Microsoft") *Ex Parte* Motion for (1) a Temporary Restraining Order freezing certain accounts owned or controlled by Defendants Michael Leonard ("Leonard"), Nathan Braswell ("Braswell"), Real Deal Co, LLC, and Real Deal Enterprises International Trading Co. LLC (Real Deal Co, LLC and Real Deal Enterprises International Trading Co. LLC are referred to jointly as "Real Deal") (Leonard, Braswell, and Real Deal are referred to collectively as

"Defendants"), and (2) an Order requiring Defendants to appear and show cause why those accounts should not remain frozen pending an evidentiary hearing or further action by the Court to determine whether the asset freeze shall remain in effect pending the trial in this action. Having reviewed the materials submitted, and being fully advised, the Court GRANTS Microsoft's Motion as follows:

(1) The Court GRANTS Microsoft's *Ex Parte* Motion without notice to Defendants because the Court finds that there is a real and substantial probability that Defendants will secrete or transfer beyond the Court's jurisdiction the funds that are the subject of this Temporary Restraining Order.

(2) The Court GRANTS Microsoft's *Ex Parte* Motion for a Temporary Restraining Order freezing Defendants' Washington Mutual Bank ("WaMu"), Lakes Community Credit Union ("LCCU"), PayPal, and any and all linked or associated accounts, upon finding that plaintiff Microsoft has carried its burden of showing (a) irreparable harm, and (b) either a likelihood of success on the merits or sufficient questions on the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor.

(3) The Temporary Restraining Order is granted pursuant to Federal Rule of Civil Procedure 65, the Court's general equitable power, 17 U.S.C. § 504(b), 15 U.S.C. § 1117(a), and 18 U.S.C. § 2318(f)(3)(A).

(4) The Court hereby RESTRAINS AND ENJOINS Defendants Leonard, Braswell, and Real Deal, and any persons or entities acting on their behalf, including but not limited to the financial institutions or third parties identified below, from transferring, disposing of, encumbering or secreting any of the following accounts:

(a) Any WaMu, LCCU, or PayPal account(s) in the name of, linked to, or otherwise associated with any of the Defendants.

(b) Any WaMu account(s) in the names of Leonard, Braswell, Real Deal Co., LLC, Real Deal Enterprises, Real Deal Enterprises International Trading Co. LLC, "Real Deal Global.com," or realdealglobal.com.

(c) Any LCCU account(s) in the names of Leonard, Braswell, Real Deal Co., LLC, Real Deal Enterprises, Real Deal Enterprises International Trading Co. LLC, "Real Deal Global.com," or realdealglobal.com.

(d) Any PayPal account(s) in the names of Leonard, Braswell, Real Deal Co., LLC, Real Deal Enterprises, Real Deal Enterprises International Trading Co. LLC, "Real Deal Global.com," or realdealglobal.com, or in the name of, linked to, or otherwise associated with the email addresses realdealenterprises@yahoo.com, realdealenterprise@yahoo.com, realdealenterpries@yahoo.com, realdealglobal@gmail.com, sales@realdealglobal.com, info@realdealglobal.com, accounts@realdealglobal.com, dropshipping@realdealglobal.com, or any other email address ending in "@realdealglobal.com" or otherwise associated with www.realdealglobal.com.

(e) Any bank account(s) or other types of accounts linked to, associated with, or receiving deposits from any of the WaMu, LCCU, or PayPal account(s) identified in Paragraphs 4 (b) - (d) of this Order.

(5) As soon as practical upon service of this Order, PayPal, WaMu, and LCCU are directed to identify to Microsoft by bank name and location, account holder, and account number any account(s) that is/are linked to, associated with, or receiving deposits from any of the PayPal, WaMu, and/or LCCU account(s) identified in Paragraph 4 of this Order.

(6) Within three business days upon service of this Order, WaMu, LCCU, and PayPal are directed to provide account information in sufficient detail to identify the (a) account holder, (b) address or contact information, and (c) current balance for each

3

account subject to this Order. The required information shall be delivered to counsel for Microsoft. As soon as practical, counsel for Microsoft is directed to serve Defendants with copies of all account information received from WaMu, LCCU, and PayPal.

(7) This Temporary Restraining Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 9 or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Temporary Restraining Order on two court days' notice to Microsoft.

(8) Microsoft is directed to file proof of bond in the amount of $5000.00 within three court days of this Order. The bond shall serve as security for all claims with respect to this Temporary Restraining Order and any additional injunctive relief ordered by the Court in this action.

(9) Defendants are ordered to appear on 11\5, 2007, at 10:00am a.m./p.m., and show cause why the account(s) that is/are the subject of this Order should not remain frozen pending an evidentiary hearing or further order of the Court.

(10) Defendants shall serve and file any papers in opposition to the continued freeze not less than three court days before the Show Cause Hearing. Plaintiff Microsoft shall serve and file any reply papers not less than one court day before the Hearing.

*John Feikens*
John Feikens
United States District Court Judge

4